UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Case Nos. 6:13-cr-00020-GFVT-HAI-11 |
| | ) | 6:19-cr-00065-GFVT-HAI-8 |
| v. | ) ) | |
| JERRY WAYNE WHITE, | ) | **ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 1492; R. 537.] Defendant Jerry Wayne White is charged with violating the terms of his supervised release. White originally pleaded guilty to manufacturing fifty grams or more of a mixture containing methamphetamine in 6:13-cr-20-GFVT-11. His supervised release has been revoked three times, [R. 1108; R. 1204; R. 1346], with the last leading to his indictment for meth trafficking in 6:19-cr-65-GFVT-8. [R. 1492 at 1.] These revocations all stem from White's longtime battle with drug usage. *Id*. at 2-7.

On November 13, 2024, the USPO issued, in both cases, the Supervised Release Violation Report that initiated these proceedings. Violation #1 alleges a Grade C violation of the condition that prohibits unlawful use of a controlled substance. Violation #2 alleges a violation of the condition that prohibits commission of another federal, state, or local crime. Violation #2 is a Grade B violation because Defendant's possession of methamphetamine, on account of his prior drug convictions, constitutes a Class E felony under 21 U.S.C. § 844(a). *Id*. at 7-8. Alternatively, simple possession of methamphetamine violates K.R.S. § 218A.1415(1)(c), which is a Class D Felony. *Id*. Judge Wier transferred the 2019 case to this Court. [R. 529.] Upon referral from this Court, White appeared for both an initial hearing and final hearing before

Magistrate Judge Ingram. [R. 1492 at 8.] In those he admitted to the factual basis for the violations. *Id*. At the final hearing the parties presented a jointly recommended penalty of revocation with fourteen months of imprisonment, to be served concurrently in both cases. *Id*. at 10. For future supervision, the joint recommendation includes no further supervision in the 2013 case, but 36 months of supervision in the 2019 case. *Id*.

Judge Ingram evaluated the entire record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. In doing so Judge Ingram carefully weighed the many positive improvements White has made with the difficulties he continues to face in his ongoing struggle with addiction. [R. 1492 at 11-13.] Judge Ingram recommends that White be found guilty of both violations. *Id*. at 13. Judge Ingram further recommends a period of 14-months incarceration with no additional supervision in 6:13-cr-20-GFVT-11, but 36 months of supervision upon release in case 6:19-cr-65-GFVT-8, under the conditions previously imposed [R. 314 in 6:19-cr-65]. *Id*. at 13-14. Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advised the parties that objections must be filed within fourteen (14) days of service. *Id*.; *see* 28 U.S.C. § 636(b)(1).

White's only "objection" to Judge Ingram's Report and Recommendation is "only to ensure the record reflects that the terms of imprisonment in case numbers 6:13-CR-20-GFVT-11 and 6:19-CR-65-GFVT-8 are to run concurrently with each other for a total term of fourteen months imprisonment…consistent with the parties' jointly recommended penalty and the Magistrate Judge's adoption of the same." [R. 1493; R. 539.] The Court treats this as a point of clarification rather than a true objection as Judge Ingram made clear in his opinion that he found

"the parties' jointly recommended penalty to be sufficient but not greater than necessary" to meet the section 3553(a) factors he incorporated into his analysis. [R. 1492 at 13.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. The Defendant has waived his right to allocution. [R. 1494; R. 539.]

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 1492; R. 537]** is **ADOPTED** as and for the Opinion of the Court;

2. Mr. White is found **GUILTY** of Violations 1 and 2 and his term of supervised release is **REVOKED**;

3. Mr. White **SHALL** be incarcerated for **fourteen (14) months** with the sentence in both cases to be served concurrently; and

4. No additional supervision shall be imposed in case 6:13-cr-20-GFVT-11, but **thirty-six (36)** months of supervision shall be imposed upon release in case 6:19-cr-65-GFVT-8, under the conditions previously imposed.

This the 22nd day of April, 2025.

Gregory F. Van Tatenhove
United States District Judge